HUDSON COUNTY CIRCUIT COURT.

ARTHUR RIEGELHAUPT, SAMUEL BLUM AND JOSEPH BLUM, CO-PARTNERS TRADING AS BLUM BROS. & RIEGELHAUPT, PLAINTIFFS, v. MICHELE RUSSO AND NUNZIO CIRIELLO, INDIVIDUALLY AND AS CO-PARTNERS, AND JAMES CIRIELLO, DEFENDANTS.

Decided March 28, 1935.

For the plaintiffs, *David L. Maltz.*

For the city of Bayonne and the board of commissioners of said city, *Alfred Brenner.*

BROWN, C. C. J. This matter is before the court on the plaintiff's rule to show cause addressed to the city of Bayonne and the board of commissioners of the city of Bayonne why said parties should not be required to turn over to the sheriff of Hudson county the sum of $500 levied upon toward the payment of a judgment obtained by the plaintiffs against the defendant Russo. The matter is presented to the court on an agreed statement of facts entered into between the parties. On the 6th day of June, 1934, the plaintiffs recovered a judgment against the defendant Russo for the sum of $819.48. Execution was issued on the 8th day of June, 1934. On June 22d, 1934, Russo made application for a liquor license to the city of Bayonne and the application was

accompanied by a payment of $500 as required by law. On June 26th, 1934, the sheriff attempted to make a levy on the $500 in possession of the city of Bayonne claiming the same to be the property of Russo. The city of Bayonne contends that from the time the $500 was paid it became the property of the city subject to a statutory refund of part of the sum if the license was not granted. Russo's application for a liquor license was granted by the city of Bayonne on the 3d day of July, 1934. *Pamph. L.* 1934, *ch.* 194, § 1, ¶ 4, amending *Pamph. L.* 1933, *ch.* 436, § 22, as amended by *Pamph. L.* 1934, *ch.* 85, § 18, provides:

"A photostatic copy of all federal licenses, permits and/or stamps necessary to the lawful conduct of the business for which a state license is sought and which relate to alcoholic beverages, or other evidence in lieu thereof satisfactory to the commissioner, must accompany the license application, together with a deposit of the full amount of the required license fee, which deposit to the extent of ninety per centum thereof shall be returned to the applicant by the commissioner or other issuing authority if the application is denied and the remaining ten per centum shall constitute an investigation fee and be disposed of as hereinafter provided."

It is a generally accepted proposition of law that a garnishee cannot be held liable unless it be shown that he is indebted to the defendant at the time of the commencement of the garnishee proceedings. This rule can be applied in this case. At the time levy was made the city of Bayonne was not indebted to the defendant. A debt which is conditional or contingent is not the subject of a levy until the condition is fulfilled and the debt becomes absolute. The condition or contingency did not take place or was not performed, in the case at bar, so as to make the debt absolute from the city to the defendant. Another principle of law that precludes a recovery against the city is that a levying creditor acquires no greater right in the property levied upon than the defendant had at the time of the levy and where defendant has not acquired such interest in or power over it as to permit him to dispose of it adversely to others

it cannot be levied upon as a debt. A liberal and reasonable construction of the statute hereinbefore cited is that the money paid with the filing of an application, while designated as a deposit, was from the very time of its payment to be used to satisfy the charge for the license fee and that ninety per cent. of it could only be refunded in case the license was not granted; that ten per cent. of the amount of the deposit became the absolute property of the city of Bayonne upon its payment and that the city of Bayonne was only obliged to refund the remaining ninety per cent. in case the license was not granted. There was not such a right or credit in said moneys belonging to the judgment debtor as would give a judgment creditor a lien over the property right of the city of Bayonne in the fund. The only right which the defendant debtor had in the license fee was the right of a return of ninety per cent. of the money upon the denial of the application.

There was a certain other refund provided for by the Alcoholic Beverage act that was to be made upon a surrender of the license after its issuance and before its expiration. *Pamph. L.* 1934, ch. 85, § 24, amending *Pamph. L.* 1933, ch. 436, § 28; 1934 *Stat. Serv.*, § 100-339. Evidently the Alcoholic Beverage act contemplates the refund of license moneys on conditions existing before as well as after the issuance of the license. We are concerned about the right of refund under the condition existing before the granting of a license. The plaintiff judgment creditor can only levy on those rights and credits which the defendant in execution possessed at the time the levy was made. The defendant at the time the levy was made had a property right in ninety per cent. of the fund deposited provided the license was not granted. This condition never occurred; consequently, the defendant had no property right in the $500 which could be taken by a judgment creditor under the Execution act.

The rule to show cause will be discharged.